# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| DAVID GUNTER,<br><br>       Petitioner,<br><br>vs.<br><br>CORY PULSIPHER,<br><br>       Respondent. | **MEMORANDUM DECISION<br>& ORDER DENYING<br>HABEAS-CORPUS PETITION**<br><br>Case No. 2:14-cv-574-TC<br><br>District Judge Tena Campbell |

In a *pro se* habeas-corpus petition and addendum, (Docket Nos. 3 & 33), inmate David Gunter, attacks his state conviction. 28 U.S.C.S. § 2254 (2018). With the liberal construction due a *pro se* litigant, *Eldridge v. Berkebile*, 791 F.3d 1239, 1243 n.4 (10th Cir. 2015), the Court has carefully considered all relevant documents, rules and statutory provisions.

Being fully advised, the Court concludes that all Gunter's claims, but one, are procedurally defaulted. And, on the remaining claim, Gunter does not overcome the federal habeas standard of review. The Court therefore denies the petition with prejudice.

## BACKGROUND

A portion of the background is quoted from the Utah Court of Appeals's opinion:

> Gunter was charged with [crimes]. The trial court appointed attorney Aric Cramer to represent Gunter. Cramer conducted several rounds of discovery, issued subpoenas, and obtained court-ordered funding to pay for a private investigator.
> 
> The trial court continued a preliminary hearing originally scheduled for January 23, 2009, to February 6, 2009, based on the State's motions indicating its witnesses were unavailable to testify on the original date. Thereafter, the February 6 hearing was continued for reasons that are not apparent from the record. Cramer did not object to either continuance and used the additional time to conduct discovery.

. . . . At [a] review hearing, Gunter failed to appear. The trial court ordered the bond forfeited and issued a $100,000 cash-only warrant for Gunter's arrest. Gunter was arrested at his home. . . . At a new review hearing on July 21, 2010, the trial court again allowed Gunter to be released on bond.

. . . . Approximately two weeks before trial, Gunter replaced Cramer with private counsel, Nicholas Chamberlain. The substitution of counsel filed by Chamberlain contains no indication that his appearance was for a limited purpose.

Gunter again failed to appear for a review hearing one week before trial. That same day, Chamberlain filed a motion to suppress [a] recorded telephone conversation between Gunter and [victim]. After jury selection was completed on the first day scheduled for trial, the trial court held an evidentiary hearing on the motion to suppress. The trial court denied the motion and the trial proceeded the following day.

Gunter also did not appear for trial. The trial court concluded that Gunter "had voluntarily absented himself" and proceeded with the trial in Gunter's absence. In doing so, the trial court admonished the jury not to make any negative inferences based on Gunter's absence. Chamberlain represented Gunter during the suppression hearing and at every stage of trial, without giving the trial court any indication that he was appearing for a limited purpose. Despite Gunter's absence, Chamberlain never asked for a continuance, informed the trial court whether he knew where Gunter was, objected to proceeding with trial in absentia, or otherwise addressed Gunter's absence on the record. Chamberlain did . . . successfully move for a directed verdict on one count . . . .

The jury convicted Gunter of the remaining count[s] . . . . The trial court issued a $200,000 cash-only warrant for Gunter's arrest and ordered that his second bond be forfeited. Chamberlain then withdrew as counsel. Several months later, Gunter was arrested in Mexico and extradited to Utah. At that time, the trial court appointed posttrial counsel to represent Gunter.

Posttrial counsel filed a motion for a new trial alleging that the trial court conducted an inadequate inquiry into the voluntariness of Gunter's absence from trial, that the trial court could not have found Gunter voluntarily absent if it had known all the facts, and that Chamberlain was ineffective at trial due to the lack of preparation time and his inexperience. The motion for a new trial

included an affidavit from Gunter in which he claims that he hired Chamberlain on a limited engagement to pursue only the suppression motion. Gunter's affidavit further indicates that he was stranded in Laughlin, Nevada during trial, that he had informed Chamberlain of that fact the day before trial, and that he spoke with Chamberlain at least six times during the trial proceedings.

On August 10, 2011, the trial court heard arguments on Gunter's motion for a new trial prior to sentencing. Gunter argued that his absence was not voluntary because he was stranded in Nevada and that Chamberlain ineffectively failed to provide that information to the trial court. Gunter also claimed that the trial court should have sua sponte reappointed Cramer because he had "prepared a defense" for trial and had effectively used the services of the private investigator, while Chamberlain was obviously unprepared. In response, the State argued that there was no evidence beyond Gunter's own statements that he was actually stranded in Nevada during trial and that, because Gunter had chosen to replace Cramer with Chamberlain two weeks before trial, he had caused any resulting prejudice. After argument, the trial court denied the motion for a new trial, indicating only that "[t]he motion for a new trial does not have sufficient legal grounds to support it." The trial court then proceeded with sentencing.

Gunter's allocution included a statement to the effect that he was stranded in Nevada during trial. The trial court replied that Gunter had "voluntarily absented [him]self from the trial of this matter" and specifically indicated that Gunter lacked credibility "[i]n view of [his] continuing adherence to a position that bears no relationship to the truth." The trial court then sentenced [him] . . . .

*State v. Gunter,* 2013 UT App 140, ¶¶ 3-12.

Gunter timely appealed, with two issues: (I) Plain error. "Gunter claim[ed] that the trial court erred in holding Gunter's trial in absentia because the trial court did not properly inquire into whether Gunter was voluntarily absent." *Id*. at ¶ 14. (II) Ineffective assistance. (A) Pretrial counsel. "Gunter . . . alleges that he received ineffective assistance of counsel because his pretrial counsel, Cramer, failed (1) to effectively communicate with Gunter in preparation for trial and (2) to obtain Gunter's consent to a continuance of the preliminary hearing." *Id*. at ¶ 15. (B) Trial counsel. "Gunter also claims that he received ineffective

assistance of counsel because his trial counsel, Chamberlain, failed (1) to inform the trial court that Gunter had contacted counsel regarding circumstances surrounding his absence from the trial proceedings and (2) to provide effective assistance where he was hired for the limited purpose of representing Gunter on a suppression issue and not in the trial proceedings." *Id*.

On direct appeal, the Utah Court of Appeals rejected Gunter's claims on June 6, 2013. *Id*. at ¶ 39. More specifically, the court concluded

> Although the trial court erred in proceeding with trial in absentia without conducting an adequate inquiry into whether Gunter's absence was voluntary, the error was harmless due to the trial court's posttrial consideration of further evidence on that issue and its unchallenged finding that Gunter was voluntarily absent from trial. Gunter has failed to establish that either his pretrial counsel or trial counsel rendered ineffective assistance.

*Id*.

Less than two weeks later, on June 19, 2013, appellate counsel wrote Gunter a letter to tell him that counsel would no longer be representing him:

> Our appointment as your attorney is limited to this first appeal. Therefore, at this time our firm's representation of you in this matter is now concluded and we are no longer your attorney. . . .
> [T]he review of a decision . . . of the Court of Appeals must be initiated by petition for a writ of certiorari to the Supreme Court of Utah. A petitioner for a writ of certiorari must be filed with the Clerk of the Supreme Court within 30 days after the entry of the final decision by the Court of Appeals.
> If you should choose to file a petition for writ of certiorari, you will be required to retain your own legal counsel if you so desire.

(Doc. No. 20-2.)

Gunter did not file a certiorari petition to the Utah Supreme Court.

On July 2, 2014, Gunter timely filed a *pro se* state petition for post-conviction relief. He argued that he was "entitled to post-conviction relief on the basis of errors committed during the

4

pretrial and trial proceedings--including ineffective assistance of trial counsel." *Gunter v. State*, No. 140500378, slip op. at 6 (Utah Dist. Ct. May 30, 2017). He also asserted "that his appellate attorney was ineffective for not properly arguing his claims on appeal. In particular Gunter alleges that appellate counsel was ineffective for not challenging the adequacy of the trial court's post-trial ruling that Gunter's absence from the trial proceedings was voluntary." *Id*. The state district court ruled that "Gunter's pretrial . . . and trial counsel-ineffectiveness claims are procedurally barred because they were either raised during the criminal proceedings or on direct appeal, or could have been raised, but were not." *Id*. at 7.

When Gunter timely appealed the post-conviction court's ruling, he asserted only "that he received ineffective assistance of appellate counsel in his direct appeal because counsel did not challenge the criminal court's posttrial finding that Gunter was voluntarily absent from trial." *Gunter v. State*, No. 20170416-CA, slip. op. at 1 (Utah Ct. App. Jan. 11, 2018). The Utah Court of Appeals concluded that this circumstance did "not constitute ineffective assistance of counsel and Gunter's claim fails on the merits." *Id*. at 2.

Gunter petitioned Utah Supreme Court for writ of certiorari and was denied, thus concluding state-court proceedings. *Gunter v. State*, No. 20180174-SC (Utah May 7, 2018).

**GUNTER'S ASSERTED GROUNDS FOR FEDERAL-HABEAS RELIEF**

(I) State court erred by having Gunter's trial *in absentia*. (II) Ineffective assistance. (A) *Pretrial counsel* did not get Gunter's (1) consent to continue his preliminary hearing; and (2) input on which witnesses to call. (B) *Trial counsel* did not tell trial court (1) he was hired only to handle suppression motion; and (2) why Gunter was absent from trial. (C) *Appellate counsel* did not challenge trial court's posttrial finding that Gunter was voluntarily absent from trial, which resulted in Utah Court of Appeals's conclusion that holding trial in absentia was harmless error.

5

## ANALYSIS

## I. PROCEDURAL DEFAULT

Every asserted ground for relief listed above is procedurally defaulted on federal habeas review, except for (II)(C) regarding ineffective assistance of appellate counsel. The latter is the only issue raised all the way to the Utah Supreme Court as required by federal habeas standards.

### A. Exhaustion

A state inmate bringing a habeas petition must show that he has exhausted his state court remedies. *See* 28 U.S.C.S. § 2254(b)(1)(A) (2018). To "exhaust his state remedies, a … petitioner must have first fairly presented the substance of his federal habeas claim to state courts." *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). The claims must be "'properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack.'" *Brown v. Shanks*, 185 F.3d 1122, 1124 (10th Cir. 1999) (citation omitted).

After sentencing, Gunter directly appealed to Utah Court of Appeals the same trial-court-error and trial-counsel-ineffectiveness claims he raises in this federal habeas petition. The court of appeals affirmed his conviction. *See Gunter*, 304 P.3d at 874-78. Gunter had thirty days to petition the Utah Supreme Court to review that affirmance. *See* Utah R. App. P. 48(a). He did not. The claims were therefore not exhausted for federal-habeas-review purposes.

Nevertheless, even though claims have not been properly exhausted, a petitioner is deemed to have exhausted his state remedies if state relief is no longer available to him. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("The requisite exhaustion may nonetheless exist . . . if it is clear that [petitioner's] claims are now procedurally barred under [state] law."). That is, "if state-court remedies are no longer available because the [petitioner] failed to comply with the deadline

6

for seeking state-court review or for taking an appeal, those remedies are technically exhausted." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *see also Coleman v. Thompson*, 501 U.S. 722, 732 (1991) (stating "habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer 'available' to him").

Here, Gunter may no longer seek relief in state court for his trial-court error and trial-counsel-ineffectiveness claims. Once the court of appeals rejected the claims on direct appeal, Gunter's next step was to seek certiorari review with Utah Supreme Court. He did not, and, under Utah's appellate-procedure rules, he no longer can. *See* Utah R. App. P. 48(a), (e). Then, he raised these issues in his state-post-conviction petition, but was procedurally barred from consideration in that context "because they were either raised during the criminal proceedings or on direct appeal, or could have been raised, but were not." *Gunter*, No. 140500378, slip op. at 6. Under Utah law, a person is ineligible for post-conviction relief "upon any ground that … was raised or addressed at trial or on appeal." Utah Code Ann. § 78B-9-(1)(b) (2018). These procedural barriers keep Gunter from seeking further state relief on his claims. His trial-court error and ineffective-assistance-of-trial-counsel claims are therefore technically exhausted.

But "exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding." *Woodford*, 548 U.S. at 93. That is, if the "reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1370 (10th Cir. 1997); *see also Coleman*, 501 U.S. at 750

7

(holding, when federal claim defaulted in state court on independent and adequate state procedural basis, federal review of claim barred unless cause for default and actual prejudice is shown). Because Gunter did not properly present his trial-court-error and trial-counsel-ineffectiveness claims to the highest state court, and no procedural mechanism exists to allow Gunter to now have his claims reviewed by Utah Supreme Court, these claims are procedurally defaulted and not entitled to federal review.

### B. Cause and Prejudice

Gunter may overcome procedural default, but only by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *see also Engle v. Isaac*, 456 U.S. 107, 129 (1982) (stating, when "procedural default bars state litigation of constitutional claim, state prisoner may not obtain federal habeas relief absent showing of cause and actual prejudice"); *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (same). To meet the "cause" standard, Gunter must show that "some objective factor external to the defense impeded his compliance with Utah's procedural rules." *Dulin*, 957 F.2d at 760 (citations omitted). "As for prejudice, a petitioner must show 'not merely that the errors of the trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Richie v. Sirmons*, 563 F. Supp. 2d 1250, 1272 (N.D. Okla. 2008) (citation omitted).

Gunter "has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001); *see also United States v. Brown*, 37 F.3d 1510 (10th Cir. 1994) (explaining merits will not be considered because petitioner did not meet burden of showing cause and prejudice or fundamental miscarriage of justice). In a

8

follow-up addendum, (Doc. No. 43), to his reply, (*id.* 42), to Respondent's response, (*id.* 41), to the Petition, (*id.* 3), and Addendum, (*id.* 33), Petitioner raises "cause for the default": He acknowledges that he received his appellate counsel's letter telling him that he was "now on [his] own" to file a certiorari petition. (*Id.* 43.) Petitioner says he then asked appellate counsel to help him anyway "to no avail." (*Id.*) He goes on to say that he was "brand new to the pro se concept" and "heard from a fellow inmate" information about how to proceed with a state post-conviction application after time for filing for certiorari review had expired. (*Id.*)

These excuses do not meet Petitioner's burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of law insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and corresponding lack of awareness and training on legal issues do not constitute adequate cause for failure to previously raise claims). "Indeed, these are factors . . . that are *internal* to Petitioner's defense." *Ardon-Aguirre v. Sorensen*, No. 2:12-CV-914 DB, 2013 U.S. Dist. LEXIS 150269, at *11 (D. Utah October 18, 2013) (emphasis in original).

The procedural default on all these issues thus stands.

## II. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Gunter finally argues one remaining issue not procedurally defaulted: Appellate counsel was ineffective for not alleging on direct appeal that the trial court's posttrial finding that Gunter was voluntarily absent from his trial was erroneous. This claim is reviewed on its merits.

## A. Standard of Review

The standard of review to be applied in federal habeas cases is found in § 2254, under which this habeas petition is filed. It states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.S. § 2254(d) (2018). Subsection (d)(1) governs claims of legal error while subsection (d)(2) governs claims of factual error." *House v Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008).

The Court's inquiry centers on whether the Utah Court of Appeals's rejection of Gunter's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C.S. § 2254(d)(1) (2018). This "'highly deferential standard,'" *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted); *see Littlejohn v. Trammell*, 704 F.3d 817, 824 (10th Cir. 2013), is "'difficult to meet,' because [the statute's] purpose is to ensure that federal habeas relief functions as a 'guard against extreme malfunctions in the state criminal justice systems,' and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-103 (2011) (citation omitted)). The Court is not to determine whether the court of appeals's decision was correct or whether this Court may have reached a different outcome. *See Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "The role of federal habeas proceedings, while important in assuring that constitutional rights are observed, is

secondary and limited." *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983). And, "[t]he petitioner carries the burden of proof." *Cullen*, 563 U.S. at 181.

Under *Carey v. Musladin*, 549 U.S. 70 (2006), the first step is determining whether clearly established federal law exists relevant to Gunter's claims. *House*, 527 F.3d at 1017-18; *see also Littlejohn*, 704 F.3d at 825. Only after answering yes to that "threshold question" may the Court go on to "ask whether the state court decision is either contrary to or an unreasonable application of such law." *Id.* at 1018.

> [C]learly established [federal] law consists of Supreme Court holdings in cases where the facts are at least closely-related or similar to the case *sub judice*. Although the legal rule at issue need not have had its genesis in the closely-related or similar factual context, the Supreme Court must have expressly extended the legal rule to that context.

*Id.* at 1016.

Further, "in ascertaining the contours of clearly established law, we must look to the '*holdings* as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Littlejohn*, 704 F.3d at 825 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (emphasis added) (citations omitted)). And, in deciding whether relevant clearly established federal law exists, this Court is not restricted by the state court's analysis. *See Bell v. Cone*, 543 U.S. 447, 455 (2005) ("[F]ederal courts are not free to presume that a state court did not comply with constitutional dictates on the basis of nothing more than a lack of citation."); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) ("[A] state court need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).

If that threshold is overcome, this Court may grant habeas relief only when the state court has "unreasonably applied the governing legal principle to the facts of the petitioner's

case." *Walker v. Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). This deferential standard does not let a federal habeas court issue a writ merely because it determines on its own that the state-court decision erroneously applied clearly established federal law. *See id.* "'Rather that application must also be unreasonable.'" *Id.* (quoting *Williams*, 529 U.S. at 411). Indeed, "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Harrington*, 131 S. Ct. at 785 (emphasis in original) (quoting *Williams*, 529 U.S. at 410).

This highly demanding standard was meant to pose a sizable obstacle to the habeas petitioner. *Id.* at 786. Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. It maintains power to issue the writ when no possibility exists that "fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents. It goes no farther." *Id.* To prevail in federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. It is against this backdrop that the Court now applies the standard of review to the circumstances of this case.

### B. Analysis of Appellate-Counsel-Ineffective-Assistance Issue

Again, this is the ground upon which Gunter asserts ineffective assistance of appellate counsel: Appellate counsel did not challenge on direct appeal "the criminal court's posttrial finding that Gunter was voluntarily absent from trial." *Gunter*, No. 20170416-CA, slip op. at 1.

Remembering that review is tightly restricted by the federal habeas standard of review, this Court observes that Utah Court of Appeals selected the correct governing legal principle

12

with which to analyze the ineffective-assistance-of-counsel issue. *Id*. at 2 (citing *Hamblin v. State*, 2015 UT App 144, ¶ 12 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984))). It is the familiar two-pronged standard of *Strickland,* 466 U.S. at 668: (1) deficient performance by counsel, measured by a standard of "reasonableness under prevailing professional norms"; and, (2) prejudice to the defense caused by counsel's deficient performance. *Id.* at 687-88. The prejudice element requires a showing that errors were so grave as to rob the petitioner of a fair proceeding, with a reliable, just result. *Id.*

As required by the standard of review, the Court now analyzes whether Utah Court of Appeals's reasonably applied *Strickland*. In assessing the issue under *Strickland*, the court stated:

> Gunter cannot show that appellate counsel's failure to challenge the posttrial finding prejudiced him. To show that appellate counsel was ineffective in failing to raise a claim on direct appeal, "'the petitioner must show that the issue [was] obvious from the trial record and . . . probably would have resulted in reversal on appeal.'" *Hamblin v. State*, 2015 UT App 144, ¶ 12 (quoting *Kell v. State*, 2008 UT 62, ¶ 42) (alterations in original). The determination of whether a defendant's absence is voluntary is a question of fact and therefore entitled to deference. *See State v. Pando*, 2005 UT App 384, ¶ 13. "[V]oluntariness is determined by considering the totality of the circumstances." *State v. Wanosik*, 2003 UT 46, ¶ 14 (quotation marks and citation omitted). "[O]nce inquiry appropriate to the case has been made, and a compelling reason for the defendant's absence remains unknown, voluntariness . . . may be properly inferred." *Id*. ¶ 12 (quotation marks and citation omitted).
>
> Although Gunter asserted that he was stranded out of state, the criminal trial court found that he lacked credibility and that there was no compelling reason presented why Gunter would be out of the jurisdiction shortly before his trial. In fact, there was no explanation at all from Gunter as to why he was out of state. Also, Gunter had missed other hearings over the course of proceedings, including the final pretrial hearing the week prior to trial. Overall, based on the additional information and argument before the criminal court in the posttrial motion, the criminal court properly inferred that Gunter's absence was voluntary. Therefore, appellate counsel's failure to challenge that finding does not constitute

> ineffective assistance of counsel and Gunter's claim fails on the merits.

*Gunter*, No. 20170416-CA, slip op. at 2.

Under the standard of review, Gunter does not even argue that the court of appeals got this wrong. He simply does not address at all the court of appeals's conclusion that there was no prejudice.

Most importantly, as to ineffective assistance of appellate counsel, Gunter does not suggest any United States Supreme Court on-point case law exists that is at odds with the court of appeals's result. And, this Court's review of Supreme-Court case law reveals none. *See, e.g., Bell v. Cone*, 535 U.S. 685, 698, 702 (2002) (stating "defendant must overcome the 'presumption that, under the circumstances, the challenged action "might be considered sound trial strategy"'" and "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight") (citations omitted).

Based on *Strickland*, the Utah Court of Appeals was right to analyze how counsel's performance may or may not have been prejudicial, and, on the basis that it was not, reject Gunter's ineffective-assistance-of-appellate-counsel claim. This Court is therefore not at all persuaded that the court of appeals's application of relevant Supreme-Court precedent was unreasonable and denies habeas relief on the basis of ineffective assistance of counsel.

## CONCLUSION

Gunter's claims are either procedurally defaulted or do not pass muster under the federal habeas standard of review.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is DENIED and the action DISMISSED WITH PREJUDICE.

IT IS ALSO ORDERED that a certificate of appealability is DENIED.

This action is CLOSED.

DATED this 27th day of February, 2019.

BY THE COURT

*Tena Campbell*
JUDGE TENA CAMPBELL
United States District Court